IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

MISC. NO. 1:06MC173

| | |
|---|---|
| JERRY O. ADAMS, III, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | O R D E R |

**THIS MATTER** is before the Court on the Petitioner's *pro se* petition to quash the third-party summonses issued by the Internal Revenue Service (IRS) and his application to proceed without the prepayment of fees.

Attached to the petition are copies of the summonses which show that each was issued by an IRS Revenue Agent on September 26, 2006. Title 26 U.S.C. § 7609(b)(2)(A) provides that a taxpayer may begin a proceeding to quash third-party summonses within 20 days of the mailing of the notice from the Secretary. This proceeding was filed on November 2, 2006, and therefore, is untimely. ***Faber v. United States***, **921 F.2d**

**1118, 1119 (10ᵗʰ Cir. 1990) (timely filing of the proceeding is a jurisdictional prerequisite.).**  Moreover, the time for compliance with the summonses has already passed as the third-party custodians were to comply on October 23, 2006.

In addition to the requirement that the proceeding be brought within the 20-day period, the taxpayer seeking to quash the summons must "mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice" within that same 20-day period.  **26 U.S.C. § 7609(b)(2)(B).**  Thus, the Petitioner must file proof of service on the party to whom the third-party summons was mailed and the office designated by the Secretary in the notice.  Failure to do so deprives the district court of jurisdiction to entertain the proceeding.  ***Villella v. United States*, 2000 WL 968773, at \*2 (S.D.N.Y. 2000) (citing *Dorsey v. United States*, 618 F. Supp. 471, 474 (D. Md. 1985)).**  "This failure to comply strictly with § 7609(b)(2)(B) results in a finding . . . that the [United States has] not waived [its] sovereign immunity and that the petition to quash those summonses must be dismissed."  ***Maikranz v. United States*, 612 F.Supp. 590, 591 (S.D. Ind. 1985).**

The Petitioner has not filed proof of registered or certified mailing to the parties to whom the summonses issued or to the office designated by the Secretary. Thus, this Court has no jurisdiction and the proceeding must be dismissed. ***Vaughan v. United States*, 2002 WL 1058118 (E.D.N.C. 2002) (petitioner served the party to whom the summons issued and the IRS but failed to serve the office designated in the notice; thus, the court had no jurisdiction); *Zimmerman v. United States*, 2000 WL 1280908 (E.D. Cal. 2000) (petitioner failed to file proof of service; therefore, the court had no jurisdiction); *Franklin v. United States*, 581 F. Supp. 38 (E.D. Mich. 1984) (jurisdictional defect cannot be cured)**.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to proceed without the prepayment of fees is **GRANTED**.

**IT IS FURTHER ORDERED** that the Petitioner's petition to quash summons is hereby **DISMISSED**.

Signed: November 3, 2006

Lacy H. Thornburg
United States District Judge