IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

MISC. NO. 1:06MC173

| | | |
|---|---|---|
| JERRY O. ADAMS, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to quash the third-party summonses of the Internal Revenue Service (IRS) and the response of the IRS thereto. The IRS also requests that the summonses be enforced.

## I. PROCEDURAL HISTORY

On October 20, 2006, the IRS re-issued third-party summonses to Key Bank in Brooklyn, Ohio, Bank One in Columbus, Ohio, and First Charter Bank in Charlotte, North Carolina. Within the 20-day period

required by statute, the Petitioner moved to quash these third-party summonses.  *See, e.g.,* **26 U.S.C. § 7609.**

The IRS responded to the petition but did not attach an affidavit from the investigating IRS officer or agent.  Contained within the response is a request that the summonses be enforced.

## II.  STANDARD OF REVIEW

When an interested party challenges enforcement of an IRS summons, under *United States v. Powell*, 379 U.S. 48 [ ] (1964), the initial burden rests with the government to establish a *prima facie* showing of good faith in issuing the summons, requiring proof that the IRS has satisfied the following four elements: (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been followed.  The burden on the government to produce a *prima facie* showing of good faith in issuing the summons is slight or minimal.  Indeed, the government need only present an affidavit of an agent involved in the investigation averring the *Powell* good faith elements in order to establish a *prima facie* case for enforcement of a civil summons.

> Once the IRS has made such a showing . . . it is entitled to an enforcement order unless the taxpayer can show that the IRS is attempting to abuse the court's process.  Such an abuse would take place . . . if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose

reflecting on the good faith of the particular investigation. The taxpayer carries the burden of proving an abuse of the court's process.

***Conner v. United States***, 434 F.3d 676, 680 (4th Cir. 2006) (quoting ***United States v. Stuart***, 489 U.S. 353, 360 (1989)) (other quotations and internal citations omitted).

### III. DISCUSSION

Unfortunately, although the Government's response is detailed, it is not supported by the affidavit of the investigating agent, Revenue Agent Kathy Grimaldi. ***Id.* at 681 ("Because the government had already produced Special Agent Pierson's affidavit . . .[,] Conner bore the burden of proving otherwise.").** And, while it might be the case that the Government's burden could be carried by virtue of the pleading filed by the Government's attorney, no precedent so stating has been cited.

The Petitioner claims the summonses should be quashed because they were issued in bad faith in order to harass and intimidate him. He also argues that the IRS does not have any legitimate reason for issuing the summonses. The real reason for the summonses, he argues, is to deter anyone from doing business with him and to "unconstitutionally shut

down the Petition process." While such comments would not normally meet Petitioner's heavy burden of disproving the existence of a valid civil tax purpose, the failure to supply the investigating agent's affidavit leaves the Court with no choice except to deny enforcement.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that ruling on the petition to quash the summons is hereby **DEFERRED**; and

**IT IS FURTHER ORDERED** that the Government's motion for summary enforcement is hereby **DENIED** without prejudice to renewal.

**IT IS FURTHER ORDERED** that in the event no affidavit is filed by the Government on or before 15 days from entry of this Order, the Court will enter an Order granting the Petition to Quash.

Signed: December 5, 2006

Lacy H. Thornburg
United States District Judge